# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ASHLEY FORTUNE,** | ) | **Case No.:** |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| **v.** | ) | **FOR JURY TRIAL** |
| | ) | |
| **GC SERVICES, LP,** | ) | **(Unlawful Debt Collections** |
| | ) | **Practices)** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

ASHLEY FORTUNE ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227*, et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

PLAINTIFF'S COMPLAINT

1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant regularly conducts business in the State of Delaware, therefore personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).


**PARTIES**

5.     Plaintiff is a natural person residing in Smyrna, Delaware.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant is a corporation with its principal place of business located at 6330 Gulfton Drive, Houston TX 77081.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone.

14.     Plaintiff has only used this phone as a cellular telephone.

15.     By way of background, in April 2016, Defendant began placing repeated harassing telephone calls to Plaintiff on her cellular telephone seeking to contact an unknown third party named Brenda.

16.     Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (866) 735-1713. The undersigned has confirmed that this number belongs to Defendant.

17.     Soon after the calls began, in or around April 2016, Plaintiff told Defendant it was calling the wrong person and told Defendant to stop calling.

18.     However, Defendant ignored Plaintiff's request and continued to call her cellular telephone between May 2016 and June 2016, knowing the calls were unwanted and were being placed to a wrong party.

19.     Once Defendant knew its calls were unwanted, there was no purpose for these continued calls other than harassment.

20.    During this time, Plaintiff received automated calls from Defendant.

21.    Plaintiff knew these calls were automated because the calls would begin with a pre-recorded message before the call would be transferred to a live caller.

22.    Defendant even called Plaintiff during inconvenient times, such as while she was at church.

23.    Frustrated by the continued calls, Plaintiff took measures to block Defendant's phone number by downloading a blocking application to her cellular telephone after her request to stop calling was ignored by Defendant.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

24.    A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25.    A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26.    Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff throughout May 2016 and into June 2016, knowing its calls were unwanted and were being placed to the wrong

party, and placing calls to Plaintiff at times that were particularly inconvenient such as when she was at church.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

27.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

29.     Defendant's calls to Plaintiff were not made for emergency purposes as they were attempting to contact unknown third parties.

30.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

31.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

33.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ASHLEY FORTUNE, respectfully prays for judgment as follows:

a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h.    Any other relief deemed fair and proper by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          PLEASE TAKE NOTICE that Plaintiff, ASHLEY FORTUNE, demands a

3    jury trial in this case.

4

5

6

7                                            RESPECTFULLY SUBMITTED,

8                                            KIMMEL & SILVERMAN, P.C.

9

10   Date:  5-15-17                          By:*/s/ W. Christopher Componovo__*
                                                 W. Christopher Componovo
11                                               Attorney ID #3234
                                                 Kimmel & Silverman, P.C.
12                                               Silverside Carr Executive Center
                                                 Suite 118, 501 Silverside Road
13                                               Wilmington, DE 19809
                                                 Phone: (302) 791-9373
14                                               Facsimile: (302) 791-9476

15

16

17

18

19

20

21

22

23

24

25